**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **ERIK COIGNARD and ELIZABETH COIGNARD, Individually and as Next Friend of KRISTIANA JOY COIGNARD** | § § § § § | |
| | § | **CIVIL ACTION NUMBER:** |
| **PLAINTIFFS** | § | **2:15-CV-01229-JRG** |
| | § | |
| **Vs.** | § | |
| | § | |
| **CITY OF LONGVIEW, TEXAS,** | § | |
| **DON DINGLER, Individually and as** | § | |
| **CHIEF OF THE LONGVIEW POLICE** | § | **DEMAND FOR JURY TRIAL** |
| **DEPARTMENT, OFFICER GLENN** | § | |
| **DERR, Badge 493, Individually, OFFICER** | § | |
| **GRACE BAGLEY, Badge 473, Individually,** | § | |
| **OFFICER GENE DUFFIE, Badge 272,** | § | |
| **Individually** | § | |
| | § | |
| **DEFENDANTS** | § | |

**DEFENDANTS CITY OF LONGVIEW, TEXAS', DON DINGLER'S, GLENN DERR'S**
**GRACE BAGLEY'S AND GENE DUFFIE'S ANSWER, DEFENSES AND JURY**
**DEMAND TO PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, City of Longview, Texas, Don Dingler, Individually and as Chief of the

Longview Police Department, Glenn Derr, Grace Bagley and Gene Duffie, Defendants herein, and

files this their Answer, Defenses and Jury Demand to Plaintiffs' Original Complaint, and would

respectfully show the Court as follows:

1

# I.

## ANSWER TO ORIGINAL COMPLAINT

1.      City of Longview, Texas, Don Dingler, Individually and as Chief of the Longview Police Department, Glenn Derr, Grace Bagley and Gene Duffie ("Defendants") admit that Erik Coignard and Elizabeth Coignard are the Plaintiffs in this civil action, but are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 1 of Plaintiffs' Original Complaint.

2.      Defendants admit the allegation in paragraph 2 of Plaintiffs' Original Complaint, and further admit that the City of Longview has been served with process.

3.      Defendants admit the allegation in paragraph 3 of Plaintiffs' Original Complaint, and further admit that Defendant Dingler has been served with process.

4.      Defendants admit that Defendant Derr was/is a duly appointed and acting officer of the City of Longview Police Department, was acting under color of law at the time of the incident and has been served with process as alleged in paragraph 4 of Plaintiffs' Original Complaint.   However, because Plaintiffs did not specify the alleged statutes, ordinances, regulations, policies, customs and usages of the City of Longview, Defendants are without sufficient information to admit or deny those allegations at this time.

5.      Defendants admit that Defendant Bagley was/is a duly appointed and acting officer of the City of Longview Police Department, was acting under color of law at the time of the incident and has been served with process as alleged in paragraph 5 of Plaintiffs' Original Complaint.   However, because Plaintiffs did not specify the alleged statutes, ordinances, regulations, policies, customs and usages of the City of Longview, Defendants are without sufficient information to admit or deny those

allegations at this time.

6.     Defendants admit that Defendant Duffie was/is a duly appointed and acting officer of the City of Longview Police Department, was acting under color of law at the time of the incident and has been served with process as alleged in paragraph 6 of Plaintiffs' Original Complaint.   However, because Plaintiffs did not specify the alleged statutes, ordinances, regulations, policies, customs and usages of the City of Longview, Defendants are without sufficient information to admit or deny those allegations at this time.

7.     Defendants admit that Plaintiffs assert jurisdiction pursuant to  28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) as alleged in paragraph 7 of Plaintiffs' Original Complaint.   However, Defendants deny they violated any of Kristiana Coignard's or Plaintiffs' Constitutional or statutory rights and deny that they are liable to Plaintiffs.   Defendants do not contest jurisdiction as to Plaintiffs' Section 1983 claims.   Defendants, however, deny that the Court has supplemental jurisdiction over the state law claims, deny that they are liable to Plaintiffs for any state law claims and deny that venue is appropriate in the Marshall Division.

8.     Defendants admit that the incident made the basis of this civil action occurred in Gregg County, Texas, but deny all remaining allegations contained in paragraph 8 of Plaintiffs' Original Complaint.

9.     Defendants admit the allegations contained in the first sentence of paragraph 9 of Plaintiffs' Original Complaint.   Defendants further admit that Kristiana Coignard was subsequently shot several times and later died, but deny all remaining allegations in paragraph 9 as stated and described by Plaintiffs.

10.     Defendants admit that Kristiana Coignard, 17 years of age, suffered from mental illness, but

are without sufficient knowledge or information at this time to admit or deny the remaining specific allegations in paragraph 10 of Plaintiffs' Original Complaint.

11.     Defendants admit that Kristiana Coignard was reportedly residing with her grandparent(s) in Longview, Texas and that, on the evening of January 22, 2015, she went to the Longview Police Department wearing a backpack, but Defendants are without sufficient knowledge or information at this time to admit or deny the remaining specific allegations in paragraph 11.

12.     Defendants admit that Kristiana Coignard entered the Longview Police Department on January 22, 2015 and that the lobby area was videotaped, but Defendants deny Plaintiffs' time approximation as alleged in paragraph 12 of Plaintiffs' Original Complaint, and defer to the time-stamping on the videotape.

12A.    Defendants admit that Kristiana Coignard entered the Longview Police Department, later walked to the intercom telephone and appears to be using her cellphone, but Defendants deny Plaintiffs' time approximation as alleged in paragraph 12A of Plaintiffs' Original Complaint, and defer to the time-stamping on the videotape.

12B.    Defendants admit that Kristiana Coignard is initially alone in the lobby of the Longview Police Department and later picks up the lobby telephone and requests help, but Defendants deny Plaintiffs' time approximation as alleged in paragraph 12B of Plaintiffs' Original Complaint, and defer to the time-stamping on the videotape.

12C.    Defendants admit that Kristiana Coignard uses the lobby telephone, but Defendants deny Plaintiffs' time approximation as alleged in paragraph 12C of Plaintiffs' Original Complaint, and defer to the time-stamping on the videotape.

12D.    Defendants admit that Kristiana Coignard answers the lobby telephone, but deny all

4

remaining allegations in paragraph 12D of Plaintiffs' Original Complaint.  Further, Defendants deny Plaintiffs' time approximation and defer to the time-stamping on the videotape.

12E.    Defendants admit Defendant Derr entered the lobby to the Longview Police Department, approached Kristiana Coignard and that Krisitana Coignard later took a couple steps away from Defendant Derr before struggling with Defendant Derr, but Defendants deny all remaining allegations in paragraph 12E of Plaintiffs' Original Complaint.  Further, Defendants deny Plaintiffs' time approximation, and defer to the time-stamping on the videotape.

12F.    Defendants deny the allegations in paragraph 12F of Plaintiffs' Original Complaint as stated and described by Plaintiffs.  Further, Defendants also deny Plaintiffs' time approximation, and defer to the time-stamping on the videotape.

12G.    Defendants admit that Kristiana Coignard, at one point during the struggle with Defendant Derr, was lying over a row of three (3) chairs and that Defendant Derr, at one point in time, was over her, but Defendants deny all remaining allegations in paragraph 12G of Plaintiffs' Original Complaint.  Further, Defendants deny Plaintiffs' time approximation and defer to the time-stamping on the videotape.

12H.    Defendants admit that Kristiana Coignard, at one point during the struggle with Defendant Derr, sat up and that Defendant Derr attempted to restrain her, but Defendants deny all remaining allegations in paragraph 12H of Plaintiffs' Original Complaint.  Further, Defendants deny Plaintiffs' time approximation and defer to the time-stamping on the videotape.

12I.    Defendants admit that Kristiana Coignard, at one point during the struggle with Defendant Derr, stood up, that Defendant Derr subsequently threw her to the floor and that Defendant Derr subsequently stood up and pointed his sidearm at her, but Defendants deny all remaining allegations

as stated and described by Plaintiffs in paragraph 12I of Plaintiffs' Original Complaint.  Further, Defendants deny Plaintiffs' time approximation and defer to the time-stamping on the videotape.

12J.    Defendants admit that Defendant Duffie entered the lobby of the Longview Police Department, that he approached Kristiana Coignard, that she subsequently stood up, that Defendant Derr was pointing his sidearm at her and that Defendant Duffie attempted to engage Kristiana Coignard in conversation, but deny all remaining allegations as stated and described by Plaintiffs in paragraph 12J of Plaintiffs' Original Complaint.  Further, Defendants deny Plaintiffs' time approximation and defer to the time-stamping on the videotape.

12K.    Defendants admit that Defendant Bagley entered the lobby and that Defendant Derr was pointing his sidearm at Kristiana Coignard, but Defendants deny Plaintiffs' time approximation as alleged in paragraph 12K of Plaintiffs' Original Complaint, and defer to the time-stamping on the videotape.

12L.    Defendants admit that Kristiana Coignard moved quickly toward Defendant Derr with a large knife, that Defendants Bagley and Derr fired their sidearms and that Defendant Duffie fired his Electronic Control Weapon and that Kristiana Coignard was struck and fell to the floor, but Defendants deny Plaintiffs' time approximation as alleged in paragraph 12L of Plaintiffs' Original Complaint, and defer to the time-stamping on the videotape.

12M.    Defendants admit that Defendant Duffie approached Kristiana Coignard, that he subsequently handcuffed her and that Defendants Bagley and Derr later sat down (after also approaching Kristiana Coignard), but deny all remaining allegations as stated and described by Plaintiffs in paragraph 12M of Plaintiffs' Original Complaint.  Further, Defendants deny Plaintiffs' time approximation and defer to the time-stamping on the videotape.

12N.    Defendants admit that a fourth officer arrived in the lobby of the Longview Police Department and that the fourth officer also checked on Kristiana Coignard, but deny all remaining allegations in paragraph 12N of Plaintiffs' Original Complaint.

12O.    Defendants admit that a fifth officer arrived in the lobby of the Longview Police Department, but deny all remaining allegations in paragraph 12O of Plaintiffs' Original Complaint.

12P.    Defendants admit the allegations in paragraph 12P of Plaintiffs' Original Complaint, but deny Plaintiffs' time approximation, and defer to the time-stamping on the videotape.

12Q.    Defendants admit that Kristiana Coignard was transported to the hospital and was later pronounced dead, but Defendants deny Plaintiffs' time approximation as alleged in paragraph 12Q of Plaintiffs' Original Complaint and defer to the time-stamping on the videotape.

13.    Defendants admit that Kristiana Coignard was 17 years of age, that she was troubled, that she had a knife, that she had "I have a gun" written on her hand, that she ran at and lunged at Defendant Derr, that Defendant Derr was trained by the Longview Police Department, that prior to Defendant Derr's arrival in the lobby of the Longview Police Department, Kristiana Coignard had not threatened anyone in the lobby and that the situation was a tragedy, but deny all remaining allegations in paragraph 13 of Plaintiffs' Original Complaint.

14.    Defendants admit that section 1701.253(j) addresses, in part, crisis intervention training and admit that Defendant Derr's annual evaluation indicated the he met all expectations and standards of a City of Longview police officer, but deny all remaining allegations in paragraph 14 of Plaintiffs' Original Complaint.

15.    Defendants admit that Defendant Duffie is an experienced police officer, that he has been employed with the Longview Police Department for approximately 19 years, that he was the senior

officer present at the time of the incident with Krisitian Coignard and that he is well trained to deal with the mentally ill, but deny all remaining allegations in paragraph 15 of Plaintiffs' Original Complaint.

16.     Defendants admit that, after entering the lobby of the Longview Police Department, Defendant Bagley drew her weapon, but deny all remaining allegations in paragraph 16 of Plaintiffs' Original Complaint.

17.     Defendants admit that crisis intervention training is mandated by the State of Texas, that one of the purposes of crisis intervention training is de-escalation, that police officers often encounter mentally ill individuals and that there are certain techniques for dealing with the mentally ill, but deny all remaining allegations in paragraph 17 of Plaintiffs' Original Complaint.

18.     Defendants admit that Kristiana Coignard was shot in her chest, that she had been receiving needed mental health help and that the situation was a tragedy, but deny all remaining allegations in paragraph 18 of Plaintiffs' Original Complaint.

19.     Defendants admit that paragraph 19 of Plaintiffs' Original Complaint restates 42 U.S.C. 1983.  Defendants, however, deny that they violated any of Kristiana Coignard's constitutional or statutory rights or privileges.

20.     Defendants' restate and incorporate by reference all responses contained in the above paragraphs in response to paragraph 20 of Plaintiffs' Original Complaint.

21.     Defendants admit that Plaintiffs have brought a 42 U.S.C. 1983 claim against Defendants Derr, Bagley and Duffie in their individual capacities, and seek punitive damaages, as alleged in paragraph 21 of Plaintiffs' Original Complaint.  Defendants, however, deny that they violated any of Kristiana Coignard's constitutional or statutory rights or privileges and deny that they are liable

for punitive damages.

22.     Defendants deny the allegations in paragraph 22 of Plaintiffs' Original Complaint.

23.     Defendants deny the allegations in paragraph 23 of Plaintiffs' Original Complaint.

24.     Defendants deny the allegations in paragraph 24 of Plaintiffs' Original Complaint.

25.     Defendants admit that Defendant Derr was aware that Kristiana Coignard had constitutional protections (as afforded to all persons), but Defendants deny all remaining allegations in paragraph 25 of Plaintiffs' Original Complaint.

26.     Defendants admit that Defendant Bagley was aware that Kristiana Coignard had constitutional protections (as afforded to all persons), but Defendants deny all remaining allegations in paragraph 26 of Plaintiffs' Original Complaint.

27.     Defendants admit that Defendant Duffie was aware that Kristiana Coignard had constitutional protections (as afforded to all persons), but Defendants deny all remaining allegations in paragraph 27 of Plaintiffs' Original Complaint.

28.     Defendants admit that Defendant Dingler had a duty to ensure that officers in the Longview Police Department are trained, including training on dealing with the mentally ill, but Defendants deny all remaining allegations in paragraph 28 of Plaintiffs' Original Complaint.   Defendants aver that Kristiana Coignard was a threat to the safety and welfare of the officers and that the Defendants Derr, Bagley and Duffie were well and adequately trained peace officers.

29.     Defendants deny the allegations in paragraph 29 of Plaintiffs' Original Complaint.

30.     Defendants deny the allegations in paragraph 30 of Plaintiffs' Original Complaint.

31.     Defendants admit that Defendant Dingler, as a decision maker, had a duty to ensure that officers in the Longview Police Department (including Defendants Derr, Bagley and Duffie) are

trained, including training on dealing with the mentally ill, that crisis intervention training provides training on mental health, de-escalation and communication and that Defendants Derr, Bagley and Duffie were well trained in crisis intervention, but Defendants deny that crisis intervention training is not part of typical police training as alleged in paragraph 31 of Plaintiffs' Original Complaint.

32.     Defendants deny the allegations in paragraph 32 of Plaintiffs' Original Complaint.

33.     Defendants admit that Defendant Dingler was a decision maker for the City of Longview Police Department, but Defendants deny all remaining allegations in paragraph 33 of Plaintiffs' Original Complaint.

34.     Defendants admit that Defendant Dingler was a decision maker for the City of Longview Police Department, but Defendants deny all remaining allegations in paragraph 34, including subparts 1 to 4, of Plaintiffs' Original Complaint.

35.     Defendants deny the allegations in paragraph 35, including subparts 1 to 4, of Plaintiffs' Original Complaint.

36.     Defendants admit that the City of Longview is a "governmental unit" under the Texas Tort Claims Act, but Defendants deny all remaining allegations in paragraph 36 of Plaintiffs' Original Complaint.

37.     Defendants deny the allegations in paragraph 37 of Plaintiffs' Original Complaint.

38.     Defendants deny the allegations in paragraph 38 of Plaintiffs' Original Complaint.

39.     Defendants aver that the statements contained in paragraph 39 of Plaintiffs' Original Complaint are statements of law to which no responsive pleading is required.  Should a responsive pleading be required, Defendants generally admit that the statements in paragraph 39 address the duties and responsibilities under Title II of the American Disabilities Act, but Defendants deny that

they violated any part of Title II of the American Disabilities Act.

40.     Defendants aver that the statements contained in paragraph 40 of Plaintiffs' Original Complaint are statements of law to which no responsive pleading is required.  Should a responsive pleading be required, Defendants deny that the statements accurately reflect the current state of law and deny that there is a requirement in every instance to transport a person to a mental health care facility.   Defendants do, however, admit that the situation between the Defendant Officers and Kristiana Coignard was emergent at all relevant times.

41.     Defendants admit that Krisitiana Coignard went to the Longview Police Department on January 22, 2015, that she used the lobby telephone and said she needed help one time, but deny all remaining allegations in paragraph 41 of Plaintiffs' Original Complaint.  Further, Defendants deny Plaintiffs' time approximation and defer to the time-stamping on the videotape.

42.     Defendants deny the allegations in paragraph 42 of Plaintiffs' Original Complaint, and further deny that Plaintiffs are entitled to the damages sought in paragraph 42.

43.     Defendants deny the allegations in paragraph 43 of Plaintiffs' Original Complaint, and further deny that Plaintiffs are entitled to the attorney fees and expenses sought in paragraph 43.

44.     Defendants admit that Plaintiffs have requested a trial by jury as alleged in paragraph 44 of Plaintiffs' Original Complaint.

45.     Defendants deny the allegations contained in the Prayer of Plaintiffs' Original Complaint, and further deny that Plaintiffs are entitled to the damages and relief sought in the Prayer.

46.     All allegations contained in Plaintiffs' Original Complaint, not otherwise admitted herein, are denied by Defendants at this time.

11

## II.

## DEFENSES

47.     Defendant City of Longview, Texas is entitled to the defense of governmental and/or sovereign and/or official immunity to Plaintiffs' claims.

48.     Defendants assert that Plaintiffs' state law based claim(s) are barred by the Texas Tort Claim Act in that Plaintiffs have not stated a waiver of its immunity, and that Plaintiffs' state law claims are subject to the defenses and limitations contained in said Act.   Defendants plead and adopt by reference all defenses and limitations on liability and damages under the Texas Tort Claims Act, including, but not limited to, Sections 101.021, 101.023, 101.024, 101.055, 101.056, 101.057, 101.101 and 101.106 of said Act.  To the extent Plaintiffs assert any claims outside the limited waiver of immunity under the Texas Tort Claims Act, Defendants plead that such claims are barred by the doctrine of sovereign/governmental immunity.

49.     Plaintiffs' claims against Defendants are barred because Plaintiffs cannot establish, and Defendants deny, that they violated Kristiana Coignard's Constitutional or any federally or state protected rights.

50.     Defendant City of Longview, Texas is entitled to sovereign immunity from the allegations in Plaintiffs' Complaint in accordance with the standards set forth in *Monell* and its progeny.

51.     Defendants assert that no policy, custom or practice of the City of Longview, Texas violated or caused a violation of any of Kristiana Coignard's or Plaintiffs' rights or privileges under the United States Constitution or federal laws.   Further, the City of Longview and its official policymaker were not deliberately indifferent in the adoption any policies, customs or practices of the City of Longview.

52.     Plaintiffs cannot establish, and Defendants deny, that any policy, custom or practice of the City of Longview was the moving force behind any alleged Constitutional violation.

53.     To the extent plead by Plaintiffs, Defendant City of Longview, Texas is not liable to Plaintiff for any punitive and/or exemplary damages as a matter of law.

54.     Defendants Dingler, Derr, Bagley and Duffie, in their individual capacity, assert that they are entitled to the defenses of qualified immunity and official immunity.  At all relevant times relevant to Plaintiffs' claims, Defendants Dingler, Derr, Bagley and Duffie were performing discretionary duties, in good faith and within the scope of their employment as police officers for the City of Longview Police Department.  Defendants Dingler, Derr, Bagley and Duffie did not violate any established Constitutional or statutory rights which a reasonable police officer would have known.

55.     Defendants plead that all state law claims against Defendants Dingler, Derr, Bagley and Duffie are barred as a matter of law under Section 101.106 of the Texas Tort Claims Act.

56.     Defendants Dingler, Derr, Bagley and Duffie, in their individual capacity, deny that they are liable to Plaintiffs for exemplary and/or punitive damages and, in the alternative, Defendants Dingler, Derr, Bagley and Duffie invoke the provisions of Tex. Civ. Prac. & Rem. Code § 41.007 et seq.

57.     Defendants Dingler, Derr, Bagley and Duffie deny that they, in any way, acted with malice, consciously disregarded and/or were deliberately indifferent to the rights of Kristiana Coignard or Plaintiffs.

58.     Defendants deny acting without probable cause and/or acting with malice.

59.     Defendants Dingler, Derr, Bagley and Duffie, in their individual capacities, invoke the limitations on liability set forth in §108.001 et. seq. of Tex. Civ. Prac. & Rem. Code.

60.     Defendants would show and allege that the death of Kristiana Coignard and the damages and injuries asserted by Plaintiffs in this civil action, if any, were proximately caused by the negligent, reckless and/or intentional actions of Kristiana Coignard, whose actions proximately caused and/or contributed to the occurrence in question and the injuries and damages asserted by Plaintiffs and, but for same, neither said occurrence or injury and damages would have occurred.  Thus, Defendants invoke comparative responsibility pursuant to Chapter 33.001 *et seq* of the Texas Civil Practices & Remedies Code.

61.     Defendants plead that recovery of medical expenses or healthcare expenses, if any, allegedly incurred by Plaintiffs are limited to the amount actually paid or incurred by or on behalf of Plaintiffs, if any, pursuant to Tex. Civ. Prac. and Rem. Code §41.0105.

62.     Defendants invoke and plead that the Court should apply the provisions of Tex. Civ. Prac. Rem. and Code §18.091 at the trial of this action.  Specifically, Plaintiffs must prove their loss of earnings and/or loss of earning capacity, if any, in the form which represents their net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law.  Additionally, Defendants request the Court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs, if any, is subject to federal and state income taxes.

63.     Defendants plead the defense of lack of standing.

64.     Defendants seek recovery of all costs and attorney fees pursuant to 42 U.S.C. 1988.

### III.

### Jury Demand

65.     Defendants demand a trial by jury on all issues so triable.

66.     Defendants reserve the right to plead further.

14

WHEREFORE, PREMISES CONSIDERED, Defendant City of Longview, Texas, Don Dingler, Individually and as Chief of the Longview Police Department, Glenn Derr, Grace Bagley and Gene Duffie pray that Plaintiffs' Original Complaint, and any amendments or supplements thereto, be dismissed; that Plaintiffs take nothing by way of their Original Complaint, and any amendments or supplements thereto; that Defendants recover their costs of court and attorney fees; that Defendants be discharged without penalty; and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

**BOON, SHAVER, ECHOLS, COLEMAN**
**AND GOOLSBY, P.L.L.C.**
1800 W. Loop 281, Suite 303
Longview, Texas 75604
(903) 759-2200-telephone
(903) 759-3306-facsimile

BY:   *Darren K. Coleman*
        DARREN K. COLEMAN
        SBN: 04558570
        Attorney-in-Charge
        BRADLEY R. ECHOLS
        SBN: 06390450

ATTORNEYS FOR DEFENDANTS
CITY OF LONGVIEW, TEXAS, DON DINGLER,
GLENN DERR, GRACE BAGLEY AND
GENE DUFFIE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via electronic filing on this the 27th day of July 2015.

*Darren K. Coleman*
DARREN K. COLEMAN

15