**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ERIK COIGNARD, ET AL. | § | |
| | § | |
| v. | § | Case No. 2:15-CV-1229-RSP |
| | § | |
| THE CITY OF LONGVIEW, ET AL. | § | |

**PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1.   Documents or information containing confidential, proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.   The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.   Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.    To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.    Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents."  Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.    Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3.    At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents.  If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents.  Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute.  The party or parties producing the

Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment.  If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order.  All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.    Confidential Treatment.  Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.    Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a)    Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

(b)    Employees of such counsel (including experts  and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

(c)    The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6.    Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit

against the party or parties disclosing or producing the Protected Documents.  The index

may only identify the document, date, author, and general subject matter of any Protected

Document, but may not reveal the substance of any such document.  Counsel for the

party or parties receiving Protected Documents shall maintain a current log of the names

and addresses of persons to whom the index was furnished.

7.    The term "copy" as used herein means any photographic, mechanical or computerized

copy or reproduction of any document or thing, or any verbatim transcript, in whole or in

part, of such document or thing.

8.    To the extent that Protected Documents or information contained therein are used in

depositions, at hearings, or at trial, such documents or information shall remain subject to

the provisions of this Order, along with the transcript pages of the deposition testimony

and/or trial testimony referring to the Protected Documents or information contained

therein.

9.    Any court reporter or transcriber who reports or transcribes testimony in this action shall

agree that all "confidential" information designated as such under this Order shall remain

"confidential" and shall not be disclosed by them, except pursuant to the terms of this

Order, and that any notes or transcriptions of such testimony (and any accompanying

exhibits) will be retained by the reporter or delivered to counsel of record.

10.   Inadvertent or unintentional production of documents or information containing

Confidential Information which is not designated "confidential" shall not be deemed a

waiver in whole or in part of a claim for confidential treatment.

11.     The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13.     Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15.     The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably

required to protect a party as provided in Rule 26(b) or(c) of the Federal Rules of Civil

Procedure.

**SIGNED this 4th day of October, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE